23017

The STATE of South Carolina, Respondent
v. James W. FOWLER, Appellant.
(379 S. E. (2d) 899)

Supreme Court

*Wade S. Weatherford, III*, Gaffney, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.*, Columbia, and *Sol. William L. Ferguson*, York, *for respondent.*

Heard March 8, 1989.

Decided May 30, 1989.

CHANDLER, Justice:

South Carolina Code Ann. § 56-1-460 (Supp. 1988) assesses enhanced punishment to a motorist guilty of driving under suspension (DUS), when the suspension is based upon a conviction for driving under the influence (DUI). Appellant James W. Fowler (Fowler) contends the statute is not applicable to his conviction for second offense DUS. We agree, reverse and remand for resentencing.

## FACTS

As a result of conviction for DUI, Fowler's drivers' license was suspended for a six month period commencing December 25, 1986. While this suspension was in effect. Fowler was charged with DUS, resulting in a conviction and suspension of license for an additional six month period.

During the second period of suspension Fowler was again charged with DUS. Upon his conviction, he received an enhanced punishment pursuant to § 56-1-460.

## ISSUE

The sole issue here is whether Fowler's conviction for DUS, second offense, is subject to enhanced punishment.

## DISCUSSION

As stated earlier, the enhanced punishment provision applies to a DUS conviction, when the motorist's suspension is

based upon a DUI conviction. Here, the period of Fowler's DUI suspension expired prior to his arrest and conviction for DUS, second. The suspension for which he was charged with DUS, second, did not result from a conviction of DUI but, rather, from a first offense DUS. In short, the enhanced punishment provision cannot be related back to Fowler's DUI conviction under these facts and circumstances.

Reversed and remanded.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.